IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

      Plaintiff,

Case No:

v.

XLW TRANSPORTATION, INC.,
a California corporation, and
BOB HOPE FREIGHT, INC.,
a California corporation,

      Defendants.
_____/

## COMPLAINT

Plaintiff LANDSTAR RANGER, INC. by and through its undersigned counsel, hereby submits and files its Complaint against Defendants XLW TRANSPORTATION, INC. and BOB HOPE FREIGHT, INC., and in support thereof states as follows:

## INTRODUCTION

1. This is a civil action for damages of $90,345.28, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendants XLW TRANSPORTATION, INC. ("XLW") and BOB HOPE

1

FREIGHT, INC. ("BOB HOPE'), each a motor carrier that provides transportation services. XLW has failed to reimburse Landstar for damage of a shipment tendered to it, for which it has liability under the Carmack Amendment, 49 U.S.C § 14706. BOB HOPE has failed to indemnify Landstar for damage to that same shipment tendered to it, as required by the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4. XLW is a California corporation with its principal place of business in Arcadia, California.

5. XLW is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC- 909573) to transport property in interstate commerce, including within the state of Florida, and as such this Court has jurisdiction over it.

6. BOB HOPE is a California corporation with its principal place of business in Santa Monica, California.

7. BOB HOPE is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-125964) to transport property in interstate commerce.

8. On or about July 29, 2019, BOB HOPE, entered into the Transportation Brokerage Agreement ("Agreement") with Landstar wherein BOB HOPE agreed to transport cargo for customers of Landstar. The Agreement is attached hereto as **Exhibit A**.

9. Paragraph 26 of the Agreement provides that:

> Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

10. Accordingly, BOB HOPE consented to the jurisdiction of this Court and to this Court being a proper venue for this action which arises out of and/or relates to the Agreement.

11. This Court has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

## GENERAL ALLEGATIONS

12. Acer America Corp. ("the Shipper") contacted Landstar to arrange for transportation of Acer Notebook Computers ("the Load") from the Shipper in Compton, California to a consignee in Bolingbrook, Illinois.

13. Governed by the Agreement, on or about May 5, 2023, Landstar arranged for BOB HOPE to transport the Load from Compton, California to a consignee in Bolingbrook, Illinois. A copy of the governing bill of lading for the Shipment, No. 3849833 ("the Bill of Lading"), is attached hereto as **Exhibit B**. A copy of the Rate Confirmation for the Shipment ("the Rate Confirmation"), is attached hereto as **Exhibit C**.

14. However, BOB HOPE, without authorization from Landstar, arranged for XLW to pick up the Load.

15. The Load was tendered to XLW in Compton, California on or about May 5, 2023, in good condition.

16. XLW picked up the Load, however, it failed to deliver the entire Load to the intended consignee in the same condition.

17. Because the location of 376 Acer Notebook Computers was and remains unknown, a portion of the Load was reported stolen to the Bolingbrook Police Department. A copy of the Bolingbrook Police Report is attached hereto as **Exhibit D**.

18. As such, the Shipper made and submitted a Presentation of Loss and Damage Claim dated August 28, 2023, to Landstar representing the

total amount of damages suffered by the Shipper as $90,345.28 due to the partial theft of the Load. A true and correct copy of the Presentation of Loss and Damage Claim is attached hereto as **Exhibit E.**

19. Pursuant to the Services Contract between the Shipper and Landstar, Landstar was liable to the Shipper for the damages stated in the Presentation of Loss and Damage Claim dated August 28, 2023.

20. Accordingly, Landstar issued payment to the Shipper totaling $90,345.28.

21. In exchange for payment pursuant to the Presentation of Loss and Damage Claim and the Shipper executed an Assignment. Thus, Landstar is the owner and assignee of said claim. *See* **Exhibit C**. A true and correct copy of the Cargo Liability Release, Indemnity and Assignment Agreement is attached hereto as **Exhibit F**.

22. Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

23. As of the filing of this action, XLW has failed to accept liability for its loss of the Load.

24. As of the filing of this action, BOB HOPE has failed to accept liability for its loss of the Load.

25. All conditions precedent to this action have occurred, been satisfied, or have been waived.

**COUNT ONE – BREACH OF CONTRACT AGAINST BOB HOPE**

26. Landstar incorporates paragraphs 1 through 25 as if fully set forth herein.

27. Having duly entered into the Agreement with Landstar, BOB HOPE's carriage of the Load was subject to the Agreement's terms and conditions.

28. Paragraphs 8 and 11 of the Agreement makes BOB HOPE wholly responsible performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

29. Paragraph 17 of the Agreement provides:

"CARRIER shall transport all freight tendered by BROKER only on Equipment operated under CARRIER's for-hire motor carrier authority. CARRIER shall not in any way sub-contract, broker, or arrange for the freight to be transported by a third party without BROKER's prior written consent."

30. BOB HOPE breached the Agreement by arranging for XLW to transport the Load without Landstar's approval.

31. Paragraph 9 of the Agreement makes BOB HOPE responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including

6

reasonable attorneys' fees, arising out of or in any way related to" BOB HOPE's performance or breach of the Agreement.

32. BOB HOPE further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of BOB HOPE's breach of the Agreement.

33. As a direct result BOB HOPE's breach of the Agreement, BOB HOPE is liable for Landstar's actual damages in the amount of $90,345.28.

34. Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from BOB HOPE which attorney's fees and costs are recoverable under the Agreement.

WHEREFORE, Plaintiff, LANDSTAR RANGER, Inc., demands Judgment in its favor and against Defendant, BOB HOPE FREIGHT, INC., an award of damages totaling $90,345.28, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

**COUNT TWO - CARMACK AMENDMENT CLAIM AGAINST XLW**

35. Landstar incorporates paragraphs 1 through 25 as if fully set forth herein.

36. Plaintiff brings this cause of action based on the assigned rights it possesses from the Shipper.

37. As the motor carrier in possession of the Load, XLW is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

38. As the assignee and owner of the Presentation of Loss and Damage Claim, Landstar is the party entitled to recover the full actual value of the lost property under 49 U.S.C. §14706 (the "Carmack Amendment"). See Exhibit E and Exhibit F.

39. As a direct and proximate result of XLW's failure to properly deliver the Load undamaged, Landstar has suffered damages in the amount of $90,345.28.

WHEREFORE, Plaintiff, LANDSTAR RANGER, Inc., demands Judgment in its favor and against Defendant, XLW, an award of damages totaling $90,345.28, and for any other relief which this Court deems appropriate.

Date: January 17, 2024        Respectfully submitted,

/s/ Sophia Bernard
Sophia Bernard, Esq.
Florida Bar No. 113805
Lauren Feldman, Esq.
Florida Bar No. 0106075

8

                                        TAYLOR NELSON PL
                                        20 3rd Street SW, Suite 209
                                        Winter Haven, FL 33880
                                        (863) 875-6950 (tel)
                                        (863) 875-6955 (fax)
                                        sbernard@taylorlawpl.com
                                        efiling@taylorlawpl.com
                                        lroberts@taylorlawpl.com

*Counsel for Plaintiff Landstar Ranger, Inc.*